Mr. Gordon B. Linn Pompano Beach City Attorney Post Office Box 2083 Pompano Beach, Florida 33061
Dear Mr. Linn:
You ask substantially the following question:
May a city require a utility company to collect a past-due utility tax that the company failed to collect due to its use of a lower tax rate than the one provided for by city ordinance?
In sum:
A city may require the collection of lawfully imposed utility taxes that a private business fails to collect due to its use of a lower tax rate than the one provided for by city ordinance at the time the tax was assessed.
You state that as a result of a mistake, although the culpable party is in dispute, for two months at the beginning of 1997 Florida Power and Light (FPL) failed to collect the proper utility tax for two months at the beginning of 1997 from purchasers of electrical power within the City of Pompano Beach. The utility charged and collected 8 percent rather than the lawfully levied rate of 10 percent specified by city ordinance. Although FPL corrected the error and began billing customers at the proper rate, you state that the utility company claims it may not legally backbill for the taxes it failed to collect. The city takes the position that it may require the utility to collect the unpaid taxes and remit them to the city.
Section 166.231, Florida Statutes, in pertinent part, provides:
"(1)(a) A municipality may levy a tax on the purchase of electricity, metered or bottled gas (natural liquefied petroleum gas or manufactured), and water service. The tax shall be levied only upon purchases within the municipality and shall not exceed 10 percent of the payments received by the seller of the taxable item from the purchaser for the purchase of such service. . . .
* * *
(6) The tax authorized hereunder shall be collected by the seller of the taxable item from the purchaser at the time of the payment for such service. The seller shall remit the taxes collected to the municipality in the manner prescribed by ordinance."
In Attorney General Opinion 93-35, this office considered whether a municipality could waive past due public service taxes where the vendor failed to collect the tax at the time of purchase.[1] Based upon the inability of a municipality to create an exemption from such taxation, it was concluded that the municipality could not settle the amount owed for less than what was supposed to have been collected. This conclusion was tempered, however, by the statutory limitation on collecting delinquent taxes not secured by a lien to within five years of the assessment or when the tax became delinquent.
Generally, where a tax is legally due from an individual and by error of the taxing authority it has not been collected, the taxing authority is not estopped from back-assessing and collecting the tax.[2] This has been characterized as "merely paying at a later date that which [the citizen] should have paid in the beginning."[3]
However, when a taxing authority makes a private business its agent for collection of a tax, other circumstances may have to be considered in determining whether the private business may be required to pay the uncollected tax. For example, in George W.Davis Sons, Inc. v. Askew,[4] the court considered whether a private entity properly relied upon an appellate decision declaring an admission tax illegal and representations by the Department of Revenue that it should discontinue collecting the tax. When the appellate decision was overturned and the tax reinstated, the department sought payment of the taxes for the period the business had suspended collection. For the period of time that the tax was voided, however, the business did not collect the tax, relying upon the court's decision and representations by the taxing authority that the tax need not be collected in the affected appellate district. Noting that the business was faced with what any reasonable person would consider an authoritative holding that the tax was not legal and, therefore, should not be collected, the court stated that it would be unconscionable to expect the business to have anticipated the overturning of the court decision and ignored the law as it existed. The court concluded that the case involved exceptional circumstances requiring that the department be estopped from collecting the tax.[5]
The application of estoppel to the state's ability to assert a claim, however, is extremely unlikely in light of subsequent case law.[6] Thus, only under exceptional circumstances will a taxing authority be estopped from requiring the payment of taxes for a period in which a private business fails to collect such taxes.[7]
You have not provided a scenario involving circumstances that may be evaluated to determine whether their exceptional nature would affect the collection of the tax. Moreover, any determination of whether given circumstances would be a basis for precluding the back assessment of taxes would be a mixed question of law and fact that may not be resolved by this office.
Accordingly, I am of the opinion that a city may require a utility company to collect lawfully imposed utility taxes that the company has failed to collect.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See also, Op. Att'y Gen. Fla. 89-11 (1989) (municipality not authorized to establish a cap that would exempt from taxation that portion of a service generating tax revenue in excess of a certain monetary amount).
[2] See, George W. Davis Sons, Inc. v. Askew, 343 So.2d 1329,1331 (Fla. 1st DCA 1977).
[3] 343 So.2d at 1331.
[4] 343 So.2d 1329 (Fla. 1st DCA 1977).
[5] See also, Department of Revenue v. Anderson, 389 So.2d 1034
(Fla. 1st DCA 1980).
[6] See, Coastal Petroleum Company v. American Cyanamid Company,492 So.2d 339 (Fla. 1986) (Board of Trustees of the Internal Improvement Trust Fund could not be legally estopped from claiming ownership in sovereignty lands contained within swamp and overflowed lands that have been previously conveyed, since sovereignty lands cannot be conveyed without clear intent and authority, and where conveyed, public use of the waters must be retained).
[7] See also, s. 366.11(2), Fla. Stat., providing in pertinent part that "[n]othing herein shall restrict . . . the right of a municipality to levy taxes on public services under s. 166.231," and s. 366.13, Fla. Stat., stating, "No provision of this chapter shall in any way affect any municipal tax or franchise tax in any manner whatsoever."